UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP E. DeBLASIO,

        Plaintiff,

– against –

NEW YORK CITY HEALTH AND
HOSPITAL CORPORATION and DR.
BRENDA HARRIS,

        Defendants.

**OPINION & ORDER**

18 Civ. 11405 (ER)

RAMOS, D.J.:

    Philip E. DeBlasio, acting *pro se* and *in forma pauperis*, brings this action against New York City Health and Hospital Corporation ("HHC") and Dr. Brenda Harris (collectively, "Defendants"), alleging that they failed to properly treat and/or diagnose an injury to his foot. Doc. 1. Before the Court is Defendants' unopposed motion to dismiss. Doc. 24. For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

### A. Factual Background

    On October 21, 2018, DeBlasio, a pretrial detainee at the Manhattan Detention Complex ("MDC"), was assaulted by three inmates, and his left foot was injured as a result. Doc. 1 at 4. On October 23, 2018, he was examined by a non-party doctor at the MDC clinic in connection with the incident. *Id.* The doctor ordered X-rays of his foot and prescribed 600 milligrams of Tylenol 3. *Id.* DeBlasio's foot was X-rayed on October 24, 2018. *Id.* He alleges that a technician told him that the X-ray revealed "a cracked bone." *Id.* However, later that same day at the MDC clinic, Dr. Harris informed him that the X-ray "came up negative." *Id.* at 4–5. He was subsequently escorted out of the clinic without being able to obtain a second opinion. *Id.* at 4. He states that he had "a swollen left foot and . . . [was] in absolute pain and suffering." *Id.* at 5.

### B. Procedural History

DeBlasio filed his complaint on December 4, 2018. Doc. 1. On January 10, 2019, his complaint was dismissed *sua sponte* without prejudice for failure to submit a completed request to proceed *in forma pauperis*. Doc. 3. On February 7, 2019, DeBlasio submitted the required form, Doc. 5, and the case was reinstated, Doc. 7. On July 26, 2019, Defendants moved to dismiss the complaint. Doc. 24. The motion is unopposed.

## II. LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in plaintiff's favor. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Accordingly, a plaintiff is required to support his claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When "the complaint [is] filed *pro se*, it must be construed liberally to raise the strongest arguments [it] suggest[s]." *Walker*, 717 F.3d at 124 (internal quotation marks and citation omitted). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Failure to respond to a motion to dismiss does not in and of itself warrant dismissal. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323.

## III. DISCUSSION

Read liberally, DeBlasio's complaint alleges a claim for inadequate medical care pursuant to 42 U.S.C. § 1983 for failure to properly treat and diagnose a fracture in his left foot, as well as corresponding state law claims. Defendants raise three arguments in support of dismissal. First, they argue that any § 1983 claims against HHC and Dr. Harris acting in her official capacity fail because DeBlasio has not pled that he was deprived of constitutional rights as a result of a policy, practice or custom—indeed, DeBlasio has not pled that he was deprived of a constitutional right at all.[1] Second, they argue that Dr. Harris is shielded by qualified immunity with respect to any claims against her in her individual capacity. Finally, they argue that any state law claims against Defendants are procedurally barred. The Court addresses each of these arguments in turn.

### A. Section 1983

"Section 1983 provides a private cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Boyland v. Wing*, 487 F. Supp. 2d 161, 167 (E.D.N.Y. 2007) (quoting 42 U.S.C. § 1983). Although a municipality cannot be held liable under § 1983 solely on a theory of *respondeat superior*, a § 1983 claim may be brought against a municipality if the alleged unconstitutional action was the result of an official policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of City of N. Y.*, 436 U.S. 658, 690–92 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2)

---

[1] The same arguments apply to the extent DeBlasio intends to assert claims against the City of New York.

3

causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

First, Defendants maintain that any § 1983 claims fail because DeBlasio has failed to assert an official policy or custom. There are four ways a plaintiff can satisfy this requirement. Plaintiffs may allege either:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. Mar. 30, 2010) (internal quotation marks and citations omitted). Moreover, there must be a causal link between the policy and the alleged injury. *Batista*, 702 F.2d at 397. "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted). Plaintiff has pled no such policy or custom. Nor has he alleged that Dr. Harris was a policymaker, or that she was aware of such a policy or custom. DeBlasio's § 1983 claims against HHC can be dismissed on this basis alone.

Defendants also argue that, to the extent any liability survives, DeBlasio has failed to establish a constitutional violation as required for a § 1983 claim. DeBlasio's complaint can best be read to allege a violation of the Fourteenth Amendment for inadequate medical care. To state a claim for inadequate medical care, DeBlasio must make two showings. First, "the alleged deprivation of adequate medical care must be sufficiently serious." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). "Second, the defendant

4

must act with a 'sufficiently culpable state of mind.'" *Davis v. McCready*, 283 F. Supp. 3d 108, 116 (S.D.N.Y. 2017) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). This second prong—sometimes referred to as the *mens rea* prong—is assessed objectively in a claim brought by a pretrial detainee. *Darnell v. Pineiro*, 849 F.3d 17, 35–36 (2d Cir. 2017).

As to the first prong, DeBlasio does not allege that he was denied medical care entirely. As he states in his complaint, he was prescribed 600 milligrams of Tylenol 3. Doc. 1 at 4. He does not allege that this treatment was ineffective. To the extent DeBlasio claims he would have preferred a different treatment, this does not amount to a constitutional violation. "The law is well established that a prisoner's right is to medical care—not the type or scope of medical care which he personally desires." *Williams v. Wright*, 162 F. App'x 69, 71 (2d Cir. 2006) (internal quotation marks and citation omitted). To the extent DeBlasio claims that his treatment was inadequate because he was misdiagnosed, this amounts to a disagreement over medical care and is also not actionable. "[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice . . . ." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *see also Whitfield v. O'Connell*, 402 F. App'x 563, 565–66 (2d Cir. 2010). Finally, any claim that he was denied a second medical opinion also fails to rise to the level of a constitutional violation. *See, e.g.*, *Youmans v. City of New York*, 14 F. Supp. 3d 357, 363–64 (S.D.N.Y. 2014) (finding that "courts in the Second Circuit have held that failure to provide a second opinion is not generally a [constitutional violation]" and collecting cases).

As to the second prong, there is nothing to suggest that Dr. Harris "acted intentionally" to deprive DeBlasio of adequate care or that she "recklessly failed to act with reasonable care." *Darnell*, 849 F.3d at 35. At most, DeBlasio's allegations against

5

Dr. Harris amount to negligence. And "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citation omitted).

Therefore, DeBlasio has failed to state a claim under § 1983.

### B. Qualified Immunity

Next, Defendants argue that Dr. Harris is immune from suit in her individual capacity. Qualified immunity protects government officials from suit if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine if qualified immunity exists, courts ask: "(1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (internal quotation marks and citation omitted).

As discussed above, DeBlasio has failed to make out the violation of a constitutional right, much less one that was clearly established. However, even if he had, it was "objectively reasonable," for Dr. Harris to believe that providing a good-faith medical opinion was lawful. As such, any possible claims against Dr. Harris in her individual capacity are barred by qualified immunity.

### C. State Law Claims

Finally, Defendants argue that to the extent DeBlasio's complaint raises state law claims, these fail because DeBlasio has failed to file a notice-of-claim within ninety days after the claim arose. N.Y. Gen. Mun. L. § 50-e(1). "Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations such as the HHC . . . ." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (citation omitted). Consequently, "if § 50-e has not been

satisfied (and the defendant has not waived its right to a notice of claim), no damages are available." *Id.* at 794. DeBlasio has not alleged that he has satisfied New York's notice requirement. Therefore, any state law claims against Defendants are procedurally deficient.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 24, and to close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). A copy of this decision will be mailed to DeBlasio.

It is SO ORDERED.

Dated: March 27, 2020
       New York, New York

EDGARDO RAMOS, U.S.D.J.